```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


CARTHANIEL BALDWIN
     Petitioner
                                           PRISONER
     V.                         Case No.   3:04CV1594(JBA)

GIOVANNY GOMEZ
THERESA LANTZ,
     Respondents
```

RULING ON PETITION FOR WRIT OF HABEAS CORPUS [DOC. # 1]

The petitioner is currently an inmate at the MacDougall Correctional Institution in Suffield, Connecticut.  On February 27, 1990, the petitioner pleaded guilty in the Connecticut Superior Court under the Alford doctrine to a charge of possession of narcotics with intent to sell.  He was sentenced to a term of imprisonment of eight years, suspended after four years.  The petitioner did not file a direct appeal of this conviction.

In 1991, the petitioner was convicted of other non-related drug offenses.  Based upon the 1990 conviction, he also was convicted of being a subsequent offender.  His forty-four year sentence was later reduced to thirty years.  This second conviction was affirmed on direct appeal. See State v. Baldwin, 224 Conn. 347, 618 A.2d 513 (Conn. 1993).

In October 1994, the petitioner filed a habeas corpus petition in state court asserting claims of ineffective assistance of counsel regarding both state convictions, denial of his right to a speedy trial regarding the second state conviction, violation of the plea agreement with regard to the first conviction, and the absence of a factual basis for the guilty plea.  A Connecticut Superior Court judge permitted appointed counsel to withdraw and denied the petition.  See Baldwin v. Barbieri, No. CV94-0366524, 1995 Conn. Super. LEXIS 3611 (Conn. Super. Ct. Dec. 21, 1995).

In October 1998, the petitioner filed a state habeas corpus petition alleging ineffective assistance of counsel appointed to represent him in the prior state habeas proceeding and erroneous application of the law concerning his right to a speedy trial and the interpretation of the 1990 plea agreement.  A Connecticut Superior Court judge denied the petition in November 1999.  See Baldwin v. Warden, No. CV98-0418443S, 1999 WL 1097240 (Conn. Super. Ct. Nov. 16, 1999).  The judge also denied Baldwin's petition for certification to appeal its judgment, a decision which was affirmed by the Connecticut Appellate Court.  See Baldwin v. Comm'r of Correction, 52 Conn. App. 811, 727 A.2d 816 (Conn. App. Ct. 1999).

In June 2001, the petitioner filed yet another state habeas petition alleging ineffective assistance of counsel appointed to

represent him in his state criminal matters and habeas petitions. A Connecticut Superior Court judge denied the petition on November 15, 2002.  See Baldwin v. Warden, No. TSR-CV-02-0003548-S (Conn. Super. Ct.  Nov. 15, 2002).

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).  "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"  Lackawanna Cty. District Attorney v. Coss, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack, see Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

The petitioner states that he is challenging his 1990 state court conviction.  The petitioner received a sentence of eight years, execution suspended after four years.  Because it was apparent to the court that the petitioner had completed serving this sentence over six years before he filed the present

3

petition, on May 2, 2005, the court issued an Order directing the petitioner to show cause how he remains in custody pursuant to the 1990 conviction and eight year sentence.  See [Doc. # 1].  The petitioner filed his response to the Order to Show Cause on September 26, 2005.  See [Doc. # 14].

The petitioner argues that the court has jurisdiction over his challenge to the 1990 conviction and sentence because it was used by a state court judge to enhance his 1991 sentence.  In Maleng, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance [a subsequent sentence]."  490 U.S. at 493.  The Court acknowledged, however, that Maleng had satisfied the "in custody" requirement for federal habeas jurisdiction because his § 2254 petition "[could] be read as asserting a challenge to [his present sentences,] as enhanced by the allegedly invalid prior conviction."  Id. at 493-94.  Thus, a court may construe a § 2254 petition as "asserting a challenge to [a current] sentence . . . , as enhanced by [an] allegedly invalid [prior] conviction[]."  Lackawanna Cty. District Attorney, 531 U.S. at 401-02 (citing Maleng, 490 U.S. at 493.).

Here, the Court declines to construe the petition as a challenge to the petitioner's present thirty year sentence as

4

enhanced by the allegedly invalid 1990 conviction because the petitioner has filed a second petition for writ of habeas corpus in this court, see Baldwin v. Sieminski, et al., Case No. 3:05cv1678(MRK), challenging his current sentence.  Because the petitioner's 1990 sentence expired before the filing of the present petition, he is no longer "in custody" pursuant to that sentence and the court lacks jurisdiction to entertain this action.  Accordingly, the petition is dismissed.

## Conclusion

The Petition for a Writ of Habeas Corpus [Doc. #1] is **DISMISSED** for lack of subject matter jurisdiction.  Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

SO ORDERED this 30th of January, 2006, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge